In the Matter of Proving the Last Will and Testament of WILLIAM O'BRIEN, Deceased, and the Judicial Settlement of the Accounts of his Executors.

Upon a final settlement of the accounts of executors, these facts appeared: In proceedings taken before the surrogate by legatees to revoke the letters testamentary, a citation was issued, and the executors were enjoined from acting as such until the determination of the surrogate upon the application. The executors resisted the application, and the proceedings resulted in an order revoking the letters unless the executors gave a bond as prescribed by the Code of Civil Procedure (§ 2687, sub. 3), and charging them with the disbursements of the petitioners. The executors complied with the order, continued in the performance of their duties, and on the final accounting claimed a credit for the amounts they alleged they were liable to pay their counsel for services performed while they were so enjoined and for services rendered by their attorney in resisting said application. The surrogate found, upon evidence justifying the findings, that the application was unreasonably

resisted, and he disallowed the claim.  *Held*, that this was within the discretion of the surrogate and, the General Term having affirmed his decree, this court could not interfere.

(Argued March 8, 1895; decided March 19, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made July 14, 1894, which affirmed a decree of the surrogate of Rensselaer county settling the accounts of the executors of the last will and testament of William O'Brien, deceased.

The facts, so far as material, are stated in the opinion.

*Olin A. Martin* for appellants.  The case conclusively shows that the amount of $761.93 as found by the referee, was for actual and necessary expenses, and was just and reasonable.  The refusal of the surrogate to make an allowance of that amount to the executors was error.  (Code Civ. Pro. § 2730; *Gilman* v. *Gilman*, 2 T. & C. 214; 63 N. Y. 41; *Fowler* v. *Lockwood*, 3 Redf. 465; *Frith* v. *Campbell*, 53 Barb. 325; *In re Thompson*, 41 id. 237; *Holmes* v. *Cook*, 2 Barb. Ch. 646; *Colegrove* v. *Horton*, 11 Paige, 261; *Freeman* v. *Kellogg*, 4 Redf. 218; *Manderville* v. *Manderville*, 8 Paige, 475; *Shields* v. *Shields*, 60 Barb. 56; *In re Hart*, 6 N. Y. S. R. 535; *Martin* v. *Duke*, 5 Redf. 597; *Grubb* v. *Hamilton*, 2 Dem. 414; *In re Sterling*, 9 Civ. Pro. Rep. 448, 451; *In re Cody*, 36 Hun, 122; 103 N. Y. 678.)  It is not essential that the executors should have paid the amount of the expenses to authorize their allowance by the surrogate. '(*Gilman* v. *Gilman*, 2 T. & C. 214; 63 N. Y. 41; *Fowler* v. *Lockwood*, 3 Redf. 465; *Frith* v. *Campbell*, 53 Barb. 325; *In re Thompson*, 41 id. 237; Williams on Exrs. 1137; *Stewart* v. *Hoare*, 2 Bro. C. C. 663; *Fearns* v. *Young*, 10 Ves. 184; *Atty.-Genl.* v. *City of London*, 1 id. 243; Lewin on Trusts, 557; Beames on Costs, 13, 157, 214; Tiff. & Bull. on Trusts, 697; *Wetmore* v. *Parker*, 52 N. Y. 450; *Woodruff* v. *N. Y.*, *L. E. & W. R. R. Co.*, 129 id. 27; Code Civ. Pro. §§ 2729, 2730; *Downing* v. *Marshall*, 37 N. Y. 387; *Irving* v.

*De Kay*, 9 Paige, 533 ; *In re Atty.-Genl.* v. *N. A. L. Ins. Co.*, 91 N. Y. 61.) The appeal from that portion of the surrogate's decree charging the executors personally with the payment of $101.40, costs of the proceedings for their unsuccessful removal, is well taken, and that part of the decree should be reversed. (*Holmes* v. *Cock*, 2 Barb. Ch. 426 ; *Shook* v. *Shook*, 19 Barb. 653.)

*John T. Norton* for respondents. None of the orders, decisions, findings, refusals to find or decrees, referred to in the notice of appeal to the General Term, and which the appellants call " intermediate orders," are before this court for review, no adjudication having been made thereon by the General Term, no appeal to this court having been taken from any thereof and none thereof being specified in the notice of appeal. (Code Civ. Pro. §§ 1316, 2570 ; *In re Burnett*, 15 N. Y. S. R. 116 ; *In re Soule*, 46 Hun, 661 ; *In re Phalen*, 21 N. Y. S. R. 34 ; *Marvin* v. *Marvin*, 11 Abb. [N. S.] 99 ; *Platz* v. *City of Cohoes*, 8 Abb. [N. C.] 397 ; *F. L. & T. Co.* v. *T. Co.*, 15 N. Y. S. R. 516 ; *Marsh* v. *Avery*, 81 N. Y. 29 ; *Negley* v. *Short*, 18 Civ. Pro. Rep. 45.) Findings of fact are not reviewable in this court, except where such findings are wholly unsupported by competent evidence. (*In re Ross*, 87 N. Y. 514 ; *Davis* v. *Clark*, 87 id. 623 ; *In re Cottrell*, 95 id. 329 ; *In re Valentine*, 100 id. 607 ; *Howlett* v. *Elmer*, 103 id. 156 ; *Kingsland* v. *Murray*, 133 id. 170 ; *In re Bolton*, 141 id. 554.) The unpaid bills of Mr. Ludden and Mr. Griffith were properly disallowed by the surrogate. Neither the surrogate nor the Surrogate's Court has jurisdiction to allow unpaid counsel bills. (Code Civ. Pro. §§ 2561, 2562 ; *Devin* v. *Patchin*, 26 N. Y. 441 ; *Reed* v. *Reed*, 52 id. 651 ; *In re Bailey*, 14 N. Y. S. R. 325 ; *Clock* v. *Chadeagn*, 10 Hun, 97.) The surrogate properly held that, in the absence of the supporting affidavit required by statute, and in the absence of supporting vouchers, he had no power to allow any of these items. (Code Civ. Pro. § 2729 ; *Matter of De Graw*, 23 N. Y. Supp. 848.) The burden of proof was upon the contestant

to show that the services of counsel charged for were unneces-
sary and that the amount charged was unreasonable. (*Ray-
mond* v. *Dayton*, 4 Den. 333.) The charges of Mr. Ludden,
amounting in the aggregate to $312, and the charge of Mr.
Griffith of $175, less three or four consultations, for services
to the executors in the proceeding to remove them from office,
were not a proper claim for reimbursement. (2 Rumsey's
Pr. 451; Code Civ. Pro. § 2687; *Gilman* v. *Gilman*, 2
Lans. 7.)

PECKHAM, J. We think the judgment in this case should
be affirmed. The surrogate referred certain questions arising
upon the presentation of the final accounts of the executors
to a referee to take the testimony and report the same to the
surrogate with his opinion thereon. The referee did so and
reported in favor of paying the executors a certain amount,
including sums which they claimed to be liable for to their
counsel for services rendered them as executors in the course
of the administration of the estate. The referee made cer-
tain findings which upon the return of the testimony to the
surrogate were not sustained by that officer, but other find-
ings were made. There is really no dispute in regard to the
evidence, and the surrogate found facts by reason of which he
refused to allow the executors the sums which they claimed
to be liable to pay to their counsel as above stated. It
appears from these findings that proceedings were taken by
some of the legatees before the surrogate to revoke the letters
testamentary of the executors on the ground that their cir-
cumstances were such that they did not afford adequate
security to the persons interested in the due administration of
the estate. (Subd. 5, § 2685, of the Code Civ. Pro.)

A citation was issued by the surrogate to the executors to
show cause why their letters testamentary should not be
revoked, and in that order to show cause they were enjoined
from acting as executors until the determination by the surro-
gate of the application for such revocation. The executors
showed cause by written answers and the issues raised therein

were settled by the surrogate and referred to a referee for the purpose of taking testimony, and upon the return and presentation of such testimony the surrogate decided to revoke the letters of the executors unless they gave a bond in an amount stated, under the authority of subdivision 3 of section 2687 of the Code. The surrogate also charged the executors with the amount of the disbursements of the petitioners. The executors subsequently complied with the decree of the surrogate and gave the bond and went on with the discharge of their duties. When the question upon their final account came up the executors claimed the right to be credited in their accounts with the amounts which they alleged they were liable to pay to their counsel for services performed for the executors during the time when the latter were enjoined from performing any duties as executors, and also for the services rendered by their attorney for them in resisting the application of the petitioners to revoke their letters testamentary, which resulted in the granting of the application unless the executors gave the bond as above mentioned. The surrogate found that this application was unreasonably resisted and that the executors were not entitled to an allowance for services of counsel to them in that proceeding, nor while they continued to act as executors while the order restraining them from so acting was in existence. It also appeared in the evidence and was found by the surrogate that the counsel fees for these services had not in fact been paid by the executors at the time that they rendered their account, although they were liable therefor, as they claimed, and although it appeared that the amount claimed by such counsel was not more than the services were fairly worth, the surrogate holding that by reason of the statute and of the limited jurisdiction of his court, he was only permitted to allow the executors on their final accounting such sums as they had actually paid, and he cited authorities which he claimed were to that effect, and which are to be found in the brief of the counsel for the respondents. The right to make allowances to executors for sums paid to counsel is provided for by chapter 686, Laws of 1893, p. 1707,

which amends section 2730 of the Code of Civ. Pro., and it is
there provided that upon the settlement of executors' and
administrators' accounts, allowances for such actual and nec-
essary expenses as shall appear just and reasonable to the sur-
rogate may be made by him.

We should have great hesitation in affirming the correct-
ness of these views of the surrogate. We are not prepared
to say that in no case can a surrogate make an allowance
for the services of counsel to an executor of an estate for
which such executor is liable, although he has not as yet
actually paid the money. Of course, the fact of his liability
would not be conclusive upon the surrogate on the question
of making an allowance, nor upon the amount thereof as
claimed by the attorney or admitted by the executor. It
would seem to be a matter for the surrogate's determination
as to the reasonableness and propriety of the claim, and that
should be determined after an examination into the facts and
circumstances of the charge to such an extent as might be
necessary. We do not discuss the question further nor
express a final opinion upon the matter, because the surrogate
has found other facts which are entirely sufficient upon which
to base his judgment, those facts being that in his judgment,
while the executors were enjoined from acting as executors,
there was no reason or propriety in their incurring expenses
by way of professional advice in regard to the estate, and that
so far as concerns their claim for payment to counsel of funds
of the estate for services performed by counsel in resisting the
application for the revocation of the executors' letters testa-
mentary, their resistance was unreasonable and formed no
ground for an allowance to pay any claim for professional
services rendered them upon such resistance. These were
matters upon which there was evidence which called upon the
surrogate for the exercise of a fair and reasonable discretion
in regard to such allowance, and he having exercised it and
refused to grant such allowance, and his decree having been
affirmed by the General Term, it is not a case for us to inter-
fere. The appeal on the part of the executors to this court
does not bring up the order made by the surrogate referring

the issues upon the application to revoke their letters, nor does it bring up his order decreeing such revocation unless a bond were given and the costs by way of disbursements by the petitioner paid by the executors. There are several reasons why they were not brought up by the attempted appeal. A conclusive one is that the decree of the surrogate was in the alternative granting the petition and providing for the revocation, unless the executors paid the disbursements and filed a bond. This they did, and went on and performed their duties as executors. They could not thereafter appeal from the decree or order.

On the whole we think the judgment of the court below was right, and it must be affirmed.

All concur.

Judgment affirmed. _____